KATHRIN M. GRANT O'LEARY and CAROLIN SOPHIE GRANT THESIGER, Appellants, Respondents, v. DE FOREST GRANT, Individually and as Trustee under a Certain Trust Indenture (Dated June 16, 1915, and Erroneously Referred to in the Summons and Complaint in This Action as Being Dated June 15, 1916) Executed by CAROLINE A. GRANT, MADISON GRANT, DE FOREST GRANT, NORMAN GRANT and SOPHIE COLE GRANT; DE FOREST GRANT, as Executor, etc., of MADISON GRANT, Deceased; DE FOREST GRANT, as Sole Surviving Executor, etc., of NORMAN GRANT, Deceased, Respondents, Appellants, and DAVID ARTHUR GRANT THESIGER, Respondent, and All the Other Persons Who, as Assignees, Legatees, etc., Are Unknown to the Plaintiffs, Defendants, and EMILY BRINTON GRANT, Impleaded Defendant, Appellant, Respondent, and WILLIAM H. EDDY, as Executor, etc., of SOPHIE FOWLER GRANT, Deceased, and GRACE BISSELL EDDY, Impleaded Defendants, and PATRICK MICHAEL O'LEARY, RICHARD E. K. THESIGER and THE PEOPLE OF THE STATE OF NEW YORK, Impleaded Defendants, Respondents.

First Department, December 16, 1938.

*Thomas B. Gilchrist* of counsel [*Catherine Noyes Lee* and *William G. Fennell* with him on the brief; *Cadwalader, Wickersham & Taft*, attorneys], for the plaintiffs.

*Charles H. Tuttle* of counsel [*Stoddard B. Colby* and *Hiram Thomas* with him on the brief; *Breed, Abbott & Morgan*, attorneys, for De Forest Grant, as an individual; *Brown, Brenton & Watts*, attorneys, for De Forest Grant, " as sole surviving trustee;" *Theodosius Stevens*, attorney, for De Forest Grant, as executor, etc.], for the defendants.

*Charles H. Tuttle* of counsel [*Stoddard B. Colby* and *Hiram Thomas* with him on the brief; *Breed, Abbott & Morgan*, attorneys], for Mrs. Emily B. Grant, impleaded defendant.

*Luke B. Lockwood* [*Williamson Pell, Jr.*, of counsel], guardian *ad litem* of the infant defendant David Arthur Grant Thesiger.

PER CURIAM. Three questions are presented by the various appeals from the six orders involved herein. The first question involves the correctness of the decision at Special Term denying the motion to dismiss the counterclaim of defendant De Forest Grant. We find that decision correct. The counterclaim does not assert the invalidity of the trust, but seeks its construction.

The second question presented is whether the defendant De Forest Grant, in his counterclaim, properly impleaded his wife, Emily Brinton Grant, as a defendant, under section 271 of the Civil Practice Act. She was impleaded on the theory that, if the trust was invalidated, her dower rights would be affected by the judgment. Both the complaint and De Forest Grant's counterclaim alleged causes of action in equity. We think that, under the circumstances, Emily Brinton Grant had a legal interest in the subject-matter, consisting of her dower in the real estate involved in the trust, and the counterclaim asserted by De Forest Grant " raises questions between himself and the plaintiffs, along with any other person," and section 271 was applicable. The orders, in so far as they granted the motions of plaintiffs to dismiss Emily Brinton Grant as an impleaded defendant, were erroneous, and should be modified accordingly and said motions denied.

After Emily Brinton Grant was dismissed as an impleaded defendant she moved to come in under section 193 of the Civil Practice Act. Her motion was denied. The correctness of this decision is the third question presented. While we deem her a proper party, under subdivision 3 of section 193, our determination that this defendant was improperly dismissed, under section 271, makes the third question academic. However, we consider it proper to point out that an order, granting a motion to strike out a defendant impleaded under section 271, does not establish the law of the case on a subsequent motion by the proposed party to be brought into the action under section 193 of the Civil Practice Act.

The order of May 27, 1938 (No. 1) should be modified by denying the motion to strike out Emily Brinton Grant as a party defendant, and as so modified affirmed.

The order of May 27, 1938 (No. 2), granting the motion of the infant defendant Thesiger to strike out Emily Brinton Grant as a party defendant, should be reversed and the motion denied.

The order of May 27, 1938 (No. 3), denying plaintiffs' motion to dismiss counterclaim of defendant De Forest Grant, individually, should be affirmed.

The order of May 27, 1938 (No. 4), granting plaintiffs' motion to dismiss counterclaim of defendant Emily Brinton Grant, and dismiss her as a party defendant, should be reversed and the motion denied.

The order of May 27, 1938 (No. 5), granting motion of infant defendant Thesiger to dismiss counterclaim of defendant Emily Brinton Grant and dismissing her as a party defendant, should be reversed and the motion denied.

The appeals from the order of July 2, 1938, should be dismissed.

Twenty dollars costs and disbursements of the appeals should be awarded to the defendants De Forest Grant, individually, and as trustee, etc., and Emily Brinton Grant.

Present — MARTIN, P. J., GLENNON, DORE, COHN and CALLAHAN, JJ.

Order of May 27, 1938 (No. 1), unanimously modified by denying the motion to strike out Emily Brinton Grant as a party defendant, and as so modified affirmed.

Order of May 27, 1938 (No. 2), granting motion of the infant defendant Thesiger to strike out Emily Brinton Grant as a party defendant, unanimously reversed and the motion denied.

Order of May 27, 1938 (No. 3), denying plaintiffs' motion to dismiss counterclaim of defendant De Forest Grant, individually, unanimously affirmed.

Order of May 27, 1938 (No. 4), granting plaintiffs' motion to dismiss counterclaim of defendant Emily Brinton Grant, and dismissing her as a party defendant, unanimously reversed and the motion denied.

Order of May 27, 1938 (No. 5), granting motion of infant defendant Thesiger to dismiss counterclaim of defendant Emily Brinton Grant and dismissing her as a party defendant, unanimously reversed and the motion denied.

Appeals from order of July 2, 1938, dismissed.

Twenty dollars costs and disbursements of the appeals to the defendants De Forest Grant, individually, and as trustee, etc., and Emily Brinton Grant. Settle orders on notice.