MARGARET DECHERT, Plaintiff, *v.* ADDISON S. PRATT et al.,
Defendants.

Supreme Court, Special Term, New York County, October 14, 1943.

*Harold Harper* and *Vincent P. Uihlein* for Elizabeth K. Dechert and another, applicants.

*Samuel Nirenstein* and *Charles H. Ellner* for plaintiff.

PECORA, J. This motion is made pursuant to subdivision 3 of section 193 of the Civil Practice Act by beneficiaries of an *inter vivos* trust to have them made parties defendant in an action by a creditor of the settlor of the trust to set aside certain modifications of the trust as fraudulent conveyances. The trust *res* consists of a one-third interest of the settlor in a parcel of real property situated in the county of New York. The moving parties each have an interest in the income of the trust, equitable rights in the reversion and a contractual obligation from their father to make a will containing certain provisions for them. In addition under the third modification of the trust, which is attacked in this suit, they have a vested remainder to be enjoyed upon the termination of the trust. Heretofore defendant Pratt, the trustee, made a motion pursuant to subdivision 1 of section 193 of the Civil Practice Act for an order requiring plaintiff to bring in applicants as necessary parties defendant. The motion was denied and an appeal is now pending from that decision. In opposition to the instant motion it is urged that the denial of the motion under subdivision 1 of section 193 precludes granting the relief asked for herein. This contention confuses the different remedies provided for in section 193 of the Civil Practice Act. Under subdivision 1 of that section the court must order additional parties brought in upon application of one of the parties to the action " where a complete determination of the controversy cannot be had without the presence of other parties ". In effect this provision calls for the addition of *necessary* parties. The cases cited by plaintiff in opposition to the instant motion hold only that in an action by a creditor to set aside a trust as a fraudulent conveyance, the trustee who has full legal title of the trust *res* is the only necessary party, and the beneficiaries are not necessary parties to such a suit. (See *Rogers* v. *Rogers,* 3 Paige 379; *Matter of Estate of Straut,* 126 N. Y. 201; *Jackson* v. *Tallmadge,* 246 N. Y. 133; *Vetterlein* v. *Barnes,* 124 U. S. 169; 3 Bogert on Trusts, § 593, p. 1873.) As was said in *Jackson* v. *Tallmadge (supra,* p. 139): " In a suit for such relief the trustee represents the beneficiaries, and defends in their behalf ".

However, under subdivision 3 of section 193 a person not a party to the action may move to intervene, and the court should grant the motion where such person " has an interest in the subject thereof, or in real property the title to which may in any manner be affected by the judgment ". This subdivision concerns itself, therefore, with *proper* parties as distinguished from *necessary* parties. Obviously a decision that a person is not a necessary party is not determinative of the question whether he should be made a proper party. (See *Montague* v. *Jewelers & Tradesmen's Co.*, 44 App. Div. 224; *O'Leary* v. *Grant*, 255 App. Div. 517.)

An " interest in the subject " of the action has been defined by our courts. " Interest in the result or outcome of the action will not suffice." (*Town of Irondequoit* v. *County of Monroe*, 171 Misc. 125.) It must be " a direct interest in the cause of action as pleaded and which would put the intervenor in a legal position to litigate a fact alleged in the complaint, without the establishment of which plaintiff could not recover." (*Bulova* v. *Barnett, Inc.*, 194 App. Div. 418, 422.)

The granting of an application under subdivision 3 of section 193 rests in the sound discretion of the court, despite the apparent mandatory language of the subdivision. Although it appears here that the trustee is actively and zealously attempting to uphold the trust modifications assailed in the suit, it seems that movants have such an interest in the subject of the action that they should be permitted to intervene. It thus becomes unnecessary to determine whether they have an interest in real property as defined by section 240 of the Real Property Law, which would be an additional ground for permitting intervention, although a plausible argument is advanced in their behalf upon that score.

The motion is therefore granted in all respects. Settle order.