In the Matter of the Accounting of HUGO KOHLMANN et al., as Trustees under the Will of MARIE H. CLEMENS, Deceased.

Surrogate's Court, New York County, October 25, 1950.

*Curtis, Mallet-Prevost, Colt & Mosle* for trustees, petitioners.

*Winthrop, Stimson, Putnam & Roberts* for Dorothy C. Henry, respondent.

FRANKENTHALER, S. In the first intermediate accounting by the trustees of one of the residuary trusts, petitioners ask instructions in respect of the allocation of interest on estate taxes between income and principal of the trust and the transfer from principal to income of the amount by which income has overpaid its proper share. No objection is made to the allocation or to the adjustment necessary to effect that allocation. The income beneficiary supports petitioners' allocation of the penalty interest on the taxes and the transfer of funds from principal to income. The sole question is whether the parties are estopped by prior decree from now seeking a determination of the question.

The account of the executors was heretofore settled by decree. In that proceeding it appeared that the only allocation of estate taxes required under the will was between property passing under the will and property passing under a deed of trust. The account set forth an apportionment of the estate taxes and interest thereon, and it reported that the *inter vivos* trust had contributed the amount allocated against it. Since the *inter vivos* trustee had actually paid the amounts allocated against that trust, the petition sought no relief respecting estate tax apportionment and the decree, settling the account as filed, does not advert to the apportionment or to rights or liabilities thereunder. However, the appropriate schedules of the account showed that in respect of property passing under the will, the penalty interest, in accordance with the decision in *Matter of Harjes* (170 Misc. 431), had been paid from income. The balance of the principal and income in the hands of the executors was distributed to the trustees of the residuary trust.

In the executors' accounting, the only parties were the executors, the testamentary trustees, and the trustee under the deed of trust. None of the beneficiaries of the residuary trusts. was made a party. The petition in that proceeding did not ask for any determination of rights of the beneficiaries among themselves. No issue arose or was litigated in that proceeding in relation to the rights of income beneficiaries and remaindermen as against each other.

There is no doubt that it is a general rule of equity that in actions to reduce trust property to possession or to defend it against a stranger, the trustees represent the whole title and interest (*Jackson* v. *Tallmadge,* 246 N. Y. 133, 139; *Matter of Straut,* 126 N. Y. 201; *Carey* v. *Brown,* 92 U. S. 171, 172; Restatement, Trusts, § 280, comment i; 3 Bogert on Trusts and Trustees, § 593), and a judgment for or against the trustees is, in the absence of fraud, binding upon the beneficiaries (*Matter of Straut, supra,* p. 211; *Kerrison* v. *Stewart,* 93 U. S. 155, 160; 1 Freeman on Judgments [5th ed.], § 500). That rule is not challenged here and it is not disputed that the prior decree concludes the beneficiaries of the trust on all questions relating to the executors' discharge, the total fund recoverable by the testamentary trustees or the liability of the *inter vivos* trust. The rule is different, however, when the purpose of the action is, among other things, to determine rights as between the beneficiaries themselves, or as between the trustee and the beneficiaries, and in a suit for such relief, it is necessary to make the beneficiaries parties to the action in order to conclude them (*Matter of Straut, supra,* p. 212; Restatement, Trusts, § 280, comment i, *supra*). While the decree on the executor's accounting labelled certain of the assets transferred to the testamentary trustees as principal and certain other assets as income, it never purported to adjudicate rights of the life beneficiary and remaindermen against each other. The beneficiaries were not made parties to the proceeding. That decree does not estop them from now requesting a judicial determination of their respective rights as between themselves. (*Macy* v. *Ladd,* 182 App. Div. 216, 218, affd. on that issue, 227 N. Y. 670, 671–672.)

The court, therefore, holds that neither the trustee nor the income beneficiary is estopped from seeking a determination as to the respective rights of the beneficiaries of this trust in the allocation of the interest within this fund.

The applicable rule in apportioning the tax interest is that enunciated in *Matter of Gato* (276 App. Div. 651, 661, affd. 301

N. Y. 653). On the facts represented by the trustees in Schedule L of the account, the allocation therein set forth is correct. The trustees are accordingly directed to reimburse income to the extent of $13,582.71, by transferring that sum from principal.

The compensation of the attorneys for petitioners will be fixed at the time of settlement of the decree.

Submit decree on notice settling the account accordingly.