Samuel Rabin, J.
This is an action by the mother of the defendant to recover United States Government bearer bonds in the sum of $40,000, or the value thereof, which she claims defendant took from her without her knowledge, consent or authority. Defendant admits in his answer that plaintiff was the owner of the bonds involved until sometime in 1956, but denies that he converted them. By way of defense, he alleges that on October 10, 1956, plaintiff withdrew said bonds from a safe-deposit box and, on the same day, made a gift thereof to defendant’s' three infant sons, ranging in age from 11 to 18 years, subject only to turning over to plaintiff during her lifetime interest payments received on said bonds prior to their maturity; that this gift was accomplished by the plaintiff delivering the bonds to the defendant, who accepted them on behalf of his children, and, at the same time and as part of the same transaction, the plaintiff agreed that the defendant should have possession of said bonds until their maturity in trust for his said infant children; that subsequent to the foregoing transaction, the defendant deposited to the credit of the plaintiff in certain bank accounts, the interest paid on said bonds, the last item prior to the commencement of this action having been deposited on June 16, 1958 in the sum of $225, representing interest for six months which became due on June 15, 1958.
After mutual examinations of the parties were completed and the action placed on the calendar .with a claim for a preference, the defendant served an interpleading summons and complaint upon his three sons as interpleaded defendants-claimants. In said complaint verified on December 31, 1958, defendant claimed that he was merely a stakeholder of the subject bonds by reason of the alleged gift he claimed his mother made to his children, as aforesaid. The guardian ad litem appointed for the children interposed an answer denying any knowledge or information sufficient to form a belief as to the allegations contained in plaintiff’s complaint, except for the averment that plaintiff is the 78-year-old widowed mother of the defendant. By way of a separate defense, the interpleaded *31 defendants repeated virtually verbatim, although on information and belief, the claim of their father, the alleged stakeholder, that the plaintiff gave him the bonds as trustee to pay the coupon interest to his mother for life and the remainder to his children.
The plaintiff now moves to dismiss the interpleading complaint upon the ground that the defendant has failed to state facts sufficient to entitle him to interplead, under the provisions of section 285 of the Civil Practice Act.
Interpleader is a procedural device to protect a person from double or multiple liability when faced with two or more claims which are so related that the recovery of one claim should exclude, in whole or in part, the recovery of the other. Under the interpleader procedure, which was completely revised by chapter 561 of the Laws of 1954, effective on September 1,1954, two types of interpleader were made available to such a person. He could bring an action of interpleader against all adverse claimants. However, if already sued by one of them, he could bring in other adverse claimants, if any, by serving an inter-pleading summons and complaint upon them, together with a copy of any other pleading in the action. This is called defensive interpleader and is the procedure which the defendant has here adopted.
However, he has assumed the role of stakeholder when, in fact, that is not his status in this action. According to the affirmative matter contained in his defense to the plaintiff’s complaint which he has repeated in his interpleading complaint, his mother delivered the bonds to him and he accepted them in trust for his children, subject only to the condition that he would turn over to her all interest which would be paid on said bonds prior to their maturity and during her lifetime. That is precisely the claim asserted in the answer interposed by his children through their guardian ad litem, and there is nothing therein which is adverse to or inconsistent with the position taken by the defendant with respect to such bonds. Either he misappropriated such bonds, as claimed by the plaintiff, or she made a gift thereof, as claimed by him and his children. No possibility of exposure to double liability is, therefore, presented. His children are neither necessary nor indispensable parties to the action for their interests are represented by their father as trustee, whose action in the absence of fraud or collusion is binding upon them. (Jackson v. Tallmadge, 246 N. Y. 133,138-139.)
Accordingly, plaintiff’s motion to dismiss the interpleader complaint is granted in all respects.
Submit order.