J. Vincent Keogh, J.
This is an application by the successor of a trustee of an inter vivos trust for settlement of its account and a construction of the trust indenture. The pertinent portion of the indenture provides: ‘ ‘ First: To receive, hold, sell, invest and reinvest the same and every part thereof, in manner hereinafter specified, and to collect, recover and receive the interest, income and profits thereof, hereinafter called income, and after deducting the commissions of the Trustee, as hereinafter provided, and the proper and necessary expenses in connection with the administration of the trust to pay the same as received to Auguste J. Cordier, son of the first party, during his life; And after his death to assign, set over and deliver the principal of the trust as then constituted, together with any income then so unpaid, to such persons, in such shares and proportions and for such estates as he may appoint by his last will and testament, and in default of appointment to his next of kin, as defined by the law of his domicile at the time of his death.” (Emphasis supplied.)
Auguste J. Cordier, the cestui que trust, died on July 20, 1949, testate. His will purports to exercise the power of appointment so granted him in the following manner: ‘ ‘ Article IV. The rest, residue and remainder of my property, real and personal, of which I shall die seized or possessed or to which I shall be in any Avay entitled or over which at the time of my death I shall possess any power of appointment, I give, devise and bequeath to Brooklyn Trust Company to invest and reinvest the same, collect the income thereof and apply such income to the use of my wife Betsey Page Cordier, during her life, and after her death apply such income to the use of my daughter, Helen J. Cordier, during her life, and after the death of both I give and bequeath the principal thereof to and among the issue of my said daughter in equal shares according to their stocks, or, in default of such issue, to those persons who would have been my statutory distributees had I survived Betsey Page Cordier and my said daughter and died immediately after the death of the survivor intestate; prodded, however, anything to the contrary herein contained notwithstanding, that any property I may have inherited from my vdfe, should she predecease me, I give, devise and bequeath to and among her issue, if any, surviving me, in equal shares according to their stocks.”
*916 The trust indenture and the will must he read as one instrument. (Bishop v. Bishop, 257 N. Y. 40, 51; Matter of Harbeck 161 N. Y. 211.) The attempted exercise by Auguste J. Cordier of the power of appointment suspends the alienability of personalty for a period in excess of that permitted by statute, (Personal Property Law, § 11; Fargo v. Squiers, 154 N. Y. 250; Low v. Bankers Trust Co., 270 N. Y. 143; Matter of Berwind, 181 Misc. 559.)
There remains only the question of whether any portion of the invalid exercise of the power may be excised and the remainder accelerated. Such procedure may not be adopted where the remainder is not indefensibly vested. (Matter of Durand, 250 N. Y. 45; Matter of Berwind, supra; Kalish v. Kalish, 166 N. Y. 368.)
The remaindermen designated by the decedent’s will are “the issue of (Helen J. Cordier) in equal shares according to their stocks or, in default of such issue, to those persons who would have been my statutory distributees had I survived Betsey Page Cordier and my said daughter and died immediately after the death of the survivor intestate.”
The remainder gift is to a class. Its members are currently ascertainable but manifestly the gift to them is subject to defeasance upon their failure to survive the death of Helen J. Cordier. Further, the class is subject to open upon the birth of additional children to Helen J. Cordier or the death of a present member of the class leaving issue.
Pursuant to the terms of the trust indenture and in default of a valid exercise of the power of appointment therein contained, the trust principal and any unpaid income is distributable to Betsey Page Cordier and Helen J. Cordier, the widow and daughter of Auguste J. Cordier, in the proportions prescribed by section 83 of the Decedent Estate Law. The account of the trustee will be judicially settled and allowed as filed and the incidental question determined in accordance with the principles hereinabove set forth. Settle decree on notice.