Frederick Backer, J.
The trustee herein, the Hanover Bank, has brought this proceeding wherein it seeks the approval of its acts as trustee under an agreement dated August 21, 1899 made by George W. Vanderbilt and Susan Le Boy Dresser Vicomtesse D’Osmoy, and further, among other things, has asked the court to construe the trust agreement as to whether the provisions of same authorize the trustee, after paying certain cash bequests to named persons as set forth in the Tenth Clause of the will of said Vicomtesse D’Osmoy, now deceased, to convey, transfer and deliver the balance of the principal of said trust, and accumulated income thereof, if any, to the Bhode Island Hospital Trust Company as trustee.
By indenture dated June 15, 1899, Susan Le Boy Dresser of the City of New York, who was then contemplating marriage to Vicomtesse D’Osmoy, thereupon transferred to George W. Vanderbilt, also of this city, certain properties therein described in trust, to pay the income thereof to her for life. This trust agreement of August 21, 1899 was entered into to relieve the said Vanderbilt of all obligations of an agreement between them dated June 15, 1899. The trust agreement of August 21, 1899 described Susan Le Boy Dresser as formerly of the City, County and State of New York when referring to the agreement dated June 15,1899. The latter agreement directs that reinvestments *1088 be made in investments allowed to trustees by laws of New York a.nd that, in circumstances here pertinent, on the death of said Susan Le Boy Dresser Yicomtesse D’Osmoy the life beneficiary, the trustee is, in effect, to convey the property as she shall by her last will or codicils thereto direct, subject however to the stipulations of the contract of marriage then in contemplation, and if she should die without leaving a valid will or codicils, then in effect to her lawful issue, per stirpes. The said agreement of June 15, 1899 further provided that under certain circumstances the property should go to the persons entitled to the estate of Susan Le Boy Dresser Yicomtesse D’Osmoy under the laws of the State of New York in case of intestacy. No other reference to laws to be applied, State of domicile of parties, or place of execution is set forth in said agreements except that the limitation as to reinvestments in such securities as trustees by the laws of the State of New York are permitted to invest in is made explicit again in a trust agreement of August 21,1899. The trust has at all times since that date been administered in the City, County and State of New York. The said Yicomtesse D’Osmoy on or about July 24, 1960 died a resident of the City of Newport, State of Bhode Island. She left a last will and testament exercising the power of appointment referred to in the said agreement. That will was duly admitted to probate by the Probate Court of Newport County, Bhode Island. The power of appointment was exercised by the Tenth Clause of her will and after providing for certain cash bequests to named persons set forth therein, and to the executor of her will, under subdivision III thereof, the said Yicomtesse D’Osmoy directed that the balance of the principal of said trust, and the accumulated income thereof, if any, be conveyed, transferred and delivered to the Bhode Island Hospital Trust Company, in trust, together with the balance, if any, of the sum conveyed to her executor, to be held for the uses, purposes and trusts as therein more particularly set forth. The provisions of that trust require the payment and distribution of the net income of the trust estate, from the date of death of said Yicomtesse D’Osmoy, to Madeleine Bcnard, who was born January 19, 1890, which is prior to the date of the creation of the trust herein, payable for her life, and upon her death as follows: 25% to the daughter of the testatrix (said Yicomtesse D’Osmoy) and 75% to her grandson (or as therein specified should he not survive her daughter) until the date of decease of her daughter, who was born on September 15, 1900, which date is subsequent to the creation of the trust herein. Upon the decease of her daughter, the testatrix provided for the *1089 disposition of the entire principal of the trust and the accumulated interest thereof to certain of the testatrix’ issue then living in certain proportions therein set forth. The testatrix further provided in the Twelfth Clause of her will that the trust created under the Tenth Clause, paragraph III, should be construed and regulated by the laws of the State of Rhode Island and that the validity, construction, effect and administration of said trust should be determined and governed by the laws of said State without reference to the laws of any other State.
The trustee made as parties to this proceeding the executor of the will of said Vicomtesse D’Osmoy, all those who took cash bequests under the Tenth Clause of her will, the trustee of the trust created under subdivision III of the Tenth Clause of her will and Elisabeth Georgette Lecourt de Béru, the only child of the Vicomtesse D’Osmoy who survived her. No children of hers have predeceased her leaving lawful issues who survived her.
Upon thorough and comprehensive study of the trust agreements, the will of the Vicomtesse D’Osmoy, and the petition herein, the court is satisfied with the merits of the instant application. The court is satisfied that the Rhode Island Hospital Trust Company, as trustee, represents the whole title and interest in the trust created by subdivision III of the Tenth Clause of the will of the Vicomtesse D’Osmoy. Since said trustee represents the whole title and interest in the trust has been made a party to this proceeding, it is not therefore necessary to make any or all of the living persons who are or may be beneficially interested in the said trust parties to this proceeding. The Rhode Island Hospital Trust Company as trustee, represents the whole title and interest and any determination for or against the said trustee of that trust would be binding upon the beneficiaries of that trust and therefore they are not necessary parties herein. The general rule is stated in Bogert, Trusts and Trustees (2d ed., 1960, § 593), wherein it is stated at page 279 that “in all cases where there is no conflict of interest between cestui que trust and trustee, or between the several cestuis que trust, the trustee may sue and be sued without joining the cestui que trust ”. In the leading case in New York (Matter of Straut, 126 N. Y. 201) it was held that trustees represent the whole title and interest and their action, in the absence of fraud or collusion, is binding upon the beneficiaries (see, also, Matter of Clemens, 198 Misc. 1049).
Unquestionably here the validity of the exercise of the power of appointment is governed by the laws of the State of New York. The general rule in New York is that the construction and effect of the exercise of a power of appointment is governed *1090 by the law of the domicile of the donor of the power (Matter of New York Life Ins. & Trust Co., 209 N. Y. 585). As herein-before stated, George W. Vanderbilt was in the trust agreement of August 21, 1899, and the agreement dated June 15, 1899 referred to as of the City, County and State of New York, Vicomtesse D’Osmoy was in the first-mentioned agreement referred to as of Paris, France, and formerly of the City, County and State of New York. In the second-mentioned agreement she was referred to also as of the City, County and State of New York. The trustee was referred to as the corporation existing under the laws of the State of New York and reinvestments were to be made in such securities as trustees were by the laws of the State of New York permitted to invest in. If necessary, the next of kin of Vicomtesse D’Osmoy were to be determined according to the laws of the State of New York in case of intestacy, under the terms of the trust agreement dated August 21, 1899. The agreements of August 21, 1899 and of June 15, 1899 referred to no other laws to be applied to the said trust. In a somewhat similar situation (Chase Nat. Bank v. Central Hanover Bank & Trust Co., 265 App. Div. 434) it was stated at page 440 “ Consideration of the surrounding circumstances, as well as the provisions of the agreement, would appear to require the implication that it was the intention of the parties to have the New York law control
The court is of the further determination herein that under the law of New York the power of appointment was validly exercised only as to the cash bequests to named individuals and to the executor of the will of Vicomtesse D’Osmoy, and to the trustees of the trust created by the Tenth Clause of her said will for the life of Madeleine Renard, and after the death of said Madeleine Renard, the property should be paid over by said trustee to the issue, per stirpes, of Vicomtesse D’Osmoy, deceased, as provided in the trust agreement herein. In this aspect it is to be observed that Vicomtesse D’Osmoy had only a power exercisable by will which is not an absolute power of disposition presently exercisable. No part of such an appointive fund can be held in further trust for a life not in being at the creation of the power (Personal Property Law, § 11; Genet v. Hunt, 113 N. Y. 158). Vicomtesse D’Osmoy, in regard to that part of the appointive property which she directed by her will to be held in further trust, provided first, that it be held for the term of the life of Madeleine Renard, a person in being at the creation of the power, and second, until the decease of her daughter, Elisabeth Georgette Lecourt de Béru, a person who was not in being at the creation of the power. In these cir *1091 cumstances, the courts may allow the appointive property to be validly suspended for one additional life (see Matter of Baldwin, 139 N. Y. S. 2d 413). However, in a case such as the instant one, in which the persons taldng the remainder are to be determined upon the death of the testatrix’ daughter (said Elisabeth Georgette Lecourt de Béru) the invalid portion of the exercise of power of appointment cannot be excised and the remainder accelerated because the remainder is not indefensibly vested (see Matter of Durand, 250 N. Y. 45; Kalish v. Kalish, 166 N. Y. 368; Matter of Cordier, 6 Misc 2d 914). Although Vicomtesse D’Osmoy provided by the Tenth Clause of her will for outright bequests of specific sums to specific persons, and to her executor to pay debts, funeral expenses, administration expenses, Federal estate and State inheritance taxes, and to this extent funds of this trust can validly be used for these purposes, the funds of the trust cannot be used for the other purposes because with the exception of the residue of her estate disposed of under the Eleventh Clause of her will, the property disposed of is tangible personal property and by the Eleventh Clause of her will she explicitly excludes this trust property from disposition thereunder.
In conclusion, there appears to be no reason why the property should not be put in further trust to be transferred to the Rhode Island Hospital Trust Company, as trustee of the trust created by the Tenth Clause of the will of Vicomtesse D’Osmoy, for administration in Rhode Island and subject to the jurisdiction of the Rhode Island courts. By the Twelfth Clause of the Vicomtesse D’Osmoy’s will she expressly declared that the trust created under the Tenth Clause of her will should be construed and regulated by the laws of the State of Rhode Island and that the validity, construction, effect and administration of the trust should be determined and governed by the laws of that State. Accordingly, in light of the foregoing, the application of the petitioner is in all respects granted.