In the Matter of the Final Accounting of BANKERS TRUST COMPANY, as Trustee under a Trust of GUSTAV H. KINNICUTT as Settlor for the Benefit of FRANCIS P. KINNICUTT.

Supreme Court, Special Term, New York County, June 11, 1962.

*Hardy, Peal, Baker & Rawlings* for petitioners. *N. Holmes Clare* for Sybil J. Kinnicutt, respondent. *Donald W. Paley* and *Felix A. Muldoon* for special guardian. *Goodwin, Savage, Clare & Whitehead* (*A. Pennington Whitehead* and *Dixon La F. Stanton* of counsel), for Fiduciary Trust Co. of New York and another, respondents.

OWEN McGIVERN, J. The trust indenture, dated March 31, 1930, which is the subject of this proceeding, provided for payment of income to the settlor's son for life, with remainder as the son should appoint by will and in default of appointment to his heirs at law. In 1945, the son renounced any right to appoint except to or for the benefit of a group including his spouse and his issue. He died in 1961. By his will he exercised his power by appointing the instant fund to his trustees in trust to pay the income to his wife for life, with remainder to his issue.

No one contends that the appointment was not validly exercised and it is held that such exercise was valid. The son's wife was living at the time of the creation of the trust, and therefore, reading the will of the son together with the trust indenture (*Low* v. *Bankers Trust Co.*, 270 N. Y. 143, 148), the power of alienation is suspended for only two lives in being at the creation of the trust.

The trust indenture provided that the trustee should make no sales or investments without the recommendation of the settlor, and after his death, of his executors and trustees. The latter refused to exercise such power. This court, by order entered December 12, 1945, directed that such powers be granted to an individual and a corporate fiduciary, and that they should receive for their services "the commissions from time to time allowed to a sole trustee of a trust created by deed, such compensation to be divided between them equally". They have received from time to time the annual principal and income commissions prescribed by subdivisions 2 and 3 of section 1548 of the Civil Practice Act. However, on the final account, settlement of which is sought herein, no provision is made for payment to them of the receiving and paying commissions prescribed by subdivision 1 of said section, and, on that ground, they object to the account. The prior order of this court is construed as directing payment

of whatever commissions would be payable to a trustee and there is no basis for drawing a distinction between annual commissions and receiving and paying commissions. Accordingly, their objection is sustained and petitioner is directed to include in the supplemental account, which it has stated it plans to file, a computation of the amount payable to them under subdivision 1 of section 1548 of the Civil Practice Act.

The settlor's son died domiciled in Massachusetts and his will was probated there. He named as his trustees a New York corporation and an individual domiciled in New York. They ask that they be permitted to administer the trust in Massachusetts. The guardian ad litem objects to their request. The usual rule is that the jurisdiction of administration of a trust is not changed when a power of appointment is exercised by a donee who is a resident of a different State (*Matter of Bradford,* 165 Misc. 736, 737, affd. 254 App. Div. 828; *Matter of Eginton,* 21 Misc 2d 179). While exceptions are made when an intent to change the jurisdiction of administration is found in the will of the donee and is not prohibited by the instrument creating the trust (see, e.g., *Matter of Vanderbilt,* 31 Misc 2d 1086), no such intent appears herein. In fact, the appointment by the donee of a New York resident and a New York corporation as his fiduciaries indicates an intent that the trust should continue to be administered here, as it has been since inception. This request of the donee's trustees is therefore denied.

Finally, such trustees ask that the future administration of the trust be governed by the provisions of the will of the donee. This request is not opposed by the guardian ad litem. It is sanctioned by New York law (*Matter of Lichtenstein,* 177 Misc. 320, 327) and accordingly the order herein will so provide.

Submit on notice supplemental account, affidavits of services and order in conformance with the foregoing.