**OLD COLONY BANK**

v.

**R. Gary CLARK, Tax Administrator.**

**85–560–A.**

Supreme Court of Rhode Island.

Nov. 17, 1986.

Christopher H. Little, Fran R. Robins-Liben, Tillighast Collins & Graham, Providence, for plaintiff.

Marcia McGair Ippolito, Chief Legal Counsel for Div. of Taxation, for defendant.

## OPINION

PER CURIAM.

This case comes before us on appeal from an order of a justice of the Superior Court dismissing a complaint filed in that court against the defendant tax administrator. Counsel for the parties appeared before us on October 21, 1986, for oral argument pursuant to an order directed to the plaintiff to show cause why its appeal should not be dismissed. We affirm the order of dismissal. The facts giving rise to this controversy are as follows.

The defendant, tax administrator, assessed a franchise tax on plaintiff, Old Colony Bank, and found that it had been deficient in its 1983 franchise tax payment. After a hearing, the tax administrator found plaintiff liable for the taxes assessed. Thereafter, plaintiff filed a complaint in both the Superior Court and the District Court in order to seek review of the tax administrator's decision. The sole question raised by this appeal is whether the Superior Court or the District Court had jurisdiction over the complaint seeking review. The Superior Court justice found that only the District Court had jurisdiction to review a decision of the tax administrator. We agree.

In 1984, the Legislature enacted P.L. 1984, ch. 183. This statute was an amendment to chapter 8 of title 8 of the General Laws. It added §§ 8–8–24 to –32 and provided for a trial de novo in the District Court in respect to any appeal from a final decision of the tax administrator. The language used in § 8–8–25 was designed to be all-inclusive.

"Any taxpayer aggrieved by a final decision of the tax administrator concerning an assessment, deficiency or otherwise may file a complaint for redetermination of said assessment, deficiency or otherwise in the court as provided by statute under title 44." G.L.1956 (1985 Reenactment) § 8–8–25(a).

The problem discerned by plaintiff was the reference to title 44. This title deals inter alia with all taxes that may be assessed by the tax administrator. However, plaintiff points out that G.L.1956 chapter 12 of title 44, which deals with the subject of the franchise tax, does not specifically provide for a redetermination in the District Court by one aggrieved concerning the assessment, or deficiency, in respect to such tax. This problem is more illusory than real. It was the clear intent of the Legislature in enacting §§ 8–8–24 to –32 to provide one method of review of all final decisions of the tax administrator. By conferring this jurisdiction clearly upon the District Court, it was unnecessary for the Legislature to return to each chapter of title 44 and reenact or amend various review provisions that had theretofore been enacted from time to time. Such an attempt would have been cumbersome and might well have led to problems similar to those encountered under P.L. 1976, ch. 140, when certain administrative appeals were transferred from the Superior Court to the District Court. *See* Weisberger, *Rhode Island Appellate Practice* 137–38 (1985). In this instance the Legislature cut the Gordian Knot by providing a single method of review in the District Court for all final determinations made by the tax administrator. It is therefore unnecessary to find

separate authority in the individual chapters of title 44 that allow the assessment of a tax by the administrator.

Consequently, we are of the opinion that the District Court has sole jurisdiction to entertain a complaint seeking review of final decisions of the tax administrator in regard to any tax that he is authorized to assess, including but not limited to the franchise tax. *See* Weisberger *Rhode Island Appellate Practice* at 140.

For the reasons stated, the plaintiff's appeal is denied and dismissed. The order of the Superior Court is affirmed. The papers in this case may be remanded to the Superior Court. The complaint filed in the District Court may proceed to a determination in that court.

MURRAY and SHEA, JJ., did not participate.