Donna J. LEEPER

v.

The HILLIER GROUP, ARCHITECTS PLANNERS, P.A.; Bryant College, and DiMeo Construction Company.

No. 87–457–Appeal.

Supreme Court of Rhode Island.

June 29, 1988.

Peter P. D'Amico, D'Amico & Hurst, Providence, for plaintiff.

John R. Mahoney, Baluch, Mahoney & Gianfrancesco, Richard Patz, Hines, Patz & Wolpert, Inc., Jeanne LaFazia, Providence, for defendants.

## OPINION

PER CURIAM.

The plaintiff, Donna J. Leeper, and defendant Bryant College (Bryant) appeal from Superior Court orders granting motions for summary judgments filed on behalf of the defendants, The Hillier Group, Architects Planners, P.A. (Hillier), and DiMeo Construction Company (DiMeo).

■ By September 1971 DiMeo had finished building on the Bryant College campus a dormitory that had been designed by Hillier. Sometime in 1982 plaintiff was injured when she fell from the third floor through an open door and a screen to the ground below. The record indicates that the open door was a large sliding-glass door, which had been designed to give access to a balcony. Unfortunately for reasons not apparent in this record, no balconies were ever built. DiMeo and Hillier were victorious in their motions for summary judgment on Leeper's complaint and the college's cross-claim. They relied upon the provisions of G.L. 1956 (1985 Reenactment) § 9-1-29, which in essence provides that those who seek to recover damages for negligence from architects, professional engineers, contractors, subcontractors, or materialmen arising as a result of the design or construction of an improvement to real property must bring their action within ten years of the substantial completion of the improvement.

The dormitory was substantially completed in September 1971. The plaintiff's injuries occurred in 1982. She filed this suit in 1985. Consequently § 9-1-29 bars any suit against Hillier, the architect, and DiMeo, the contractor.

■ The plaintiff and Bryant claim that the statute is unconstitutional. However, this court specifically upheld its constitutionality in *Walsh v. Gowing*, 494 A.2d 543 (R.I. 1985). Even so, plaintiff and Bryant now ask that we retreat from what may have been said in *Walsh*. They argue that our holding was limited to the General Assembly's power to enact a statute rather than the propriety of its act. We respectfully disagree. In *Walsh* this court specifically refused to question the propriety of the Legislature's judgment. Unquestionably, the statute sought to limit in some degree the unlimited potential liability to which architects, engineers, and builders might have been exposed because of the complete demise of the doctrine of "privity" of contract that occurred in *Temple Sinai-Suburban Reform Temple v. Richmond*, 112 R.I. 234, 308 A.2d 508 (1973).

■ Bryant argues that § 9-1-29 should not apply in this case because the statute was enacted after the dormitory was completed. Consequently, it argues, to apply the statute would be tantamount to giving it retroactive effect. Since this issue was not raised at the trial level, it cannot be considered for the first time in this court. *Moran v. Rhode Island Brotherhood of Correctional Officers*, 506 A.2d 542, 545 (R.I. 1986).

Accordingly, the plaintiff's and the defendant Bryant College's appeals from the grant of summary judgments against them are denied and dismissed and the orders appealed from are affirmed.

WEISBERGER and MURRAY, JJ., did not participate.