**RHODE ISLAND HOSPITAL TRUST NATIONAL BANK et al.**

v.

**Joseph DE BERU et al.**

**No. 87–124–A.**

Supreme Court of Rhode Island.

Feb. 3, 1989.

Stephen A. Haire, Moore, Virgadamo & Lynch, Ltd., Newport, for plaintiffs.

Stetson Winslow Eddy Leary & Holland, Tiverton, Joseph J. Nicholson, Jr., Newport, for defendants.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court on an appeal from a judgment in Superior Court. In that case the plaintiff Rhode Island Hospital Trust National Bank, trustee under the will of Susan LeRoy Dresser, Vicomtesse d'Osmoy, deceased, had sought a declaratory judgment on the question of whether the testamentary exercise of a power of appointment under a trust indenture should be construed under the laws of the State of New York or of the State of Rhode Island. The trial justice concluded that New York law would apply, and we affirm.

The defendants were Joseph, Odile, Etienne, and Romain de Beru and Suzanne de Beru Catherine, grandchildren of the testator, and Francois, Ines, Hermes, Soizic–Francoise, Arnaud, Florence, and Wulfran de Beru, who were children of Joseph and great-grandchildren of the testator. Only Odile, Etienne, and Romain de Beru and Suzanne de Beru Catherine answered the complaint. The other defendants were defaulted.

As narrated by the trial justice, the events giving rise to this appeal began in 1899, when Susan LeRoy Dresser, later Vicomtesse d'Osmoy (testator),[1] created a trust (the 1899 trust) in contemplation of her marriage to the Vicomte d'Osmoy. The trust agreement provided that the income from the trust should be applied to the testator's own use during her life and

upon her death the trust would be disposed of as she would direct in her last will or codicils. In the event that she died without leaving a valid will, the corpus of the trust would be distributed to her issue per stirpes. The original trustee, George W. Vanderbilt, was succeeded in that capacity by several banking institutions, ultimately the Hanover Bank.

In 1955 the testator executed a will, the tenth clause of which directed that on her death, the trustee of the 1899 trust would pay certain specific bequests and also the sum of $75,000 to her executor for the expenses of the administration of her estate and the payment of any estate or inheritance taxes. The balance of the trust plus any of the $75,000 left over were to be paid to Hospital Trust as her testamentary trustee. Hospital Trust was directed to pay the net income of the testamentary trust to one Madeline Renard for her life. Madeline was born on January 19, 1890, and therefore was in being at the time the 1899 trust was created. On the death of Madeline Renard, Hospital Trust was to pay 25 percent of the net income to the testator's daughter, Elisabeth Georgette Lecourt de Beru (Elisabeth), and 75 percent of the income to the testator's grandson Romain de Beru until the death of Elisabeth. Elisabeth was born on September 15, 1900. Therefore, neither she nor her children were in being at the time the 1899 trust was created.

The testamentary trust provided that at Elisabeth's death the trustee was to pay 25 percent of the trust corpus to the living issue of the testator's grandson, Joseph de Beru, and 75 percent of the corpus to Romain de Beru.

The testator died in 1960. She was survived by Madeline Renard, who died on September 12, 1981, and the testator's daughter, Elisabeth, who died in 1961. The will was probated in the city of Newport. In addition to Elisabeth, the other survivors were the testator's five grandchildren, the children of Elisabeth, and seven great-grandchildren, who were the children of her grandson Joseph de Beru. After the death of the testator the trustee of the

1. The court will use the term "testator" in its gender-neutral sense.

1899 trust, Hanover Bank, applied to the Supreme Court of New York for construction of the 1899 trust. In 1961 that court rendered a decision reported in *In re Vanderbilt's Trust,* 31 Misc.2d 1086, 221 N.Y.S. 2d 93 (1961). The plaintiff in this case, Hospital Trust, was a party to those proceedings. Hanover had sought instructions about whether it should pay over to Hospital Trust the corpus of the 1899 trust to be administered in Rhode Island under the terms of the testator's testamentary trust.

In its decision the Supreme Court of New York held, among other things, that plaintiff, Hanover Bank, had adequately represented the whole title and interest of the beneficiaries of the testamentary trust since there was no conflict between Hanover and the beneficiaries of that testamentary trust. The New York court also held that the validity of the exercise of the power of appointment would be governed by the laws of the State of New York. 31 Misc.2d at 1089-90, 221 N.Y.S. 2d at 97.

The New York court then went on to rule that the provisions of the tenth clause in the testator's will validly exercised her power of appointment only as to the cash bequests to named individuals, that is, to the executor of her will and to the trustees of the testamentary trust for payment to Madeline Renard for her life. However, because of the application of the rule against perpetuities, at Renard's death the testamentary trustee should pay over the property to the heirs of the testatrix per stirpes, 31 Misc.2d at 1090, 221 N.Y.S. 2d at 97, as set forth in the 1899 trust under the provision for such payment on the contingency of the testator's intestacy.

The court held that the gifts to be turned over upon the death of Elisabeth were invalid because they violated New York's rule against perpetuities. The court stated that the testator had a power of appointment exercisable by will only. It could not be exercised otherwise. Under New York law, no part of the property subject to that power could be held in trust for a life not in being at the time the power was created. Elisabeth was not in being at the time the 1899 trust was created; therefore, the vesting of that fund could not be delayed for her life. The court also held that the vesting could not be accelerated at or by the death of Madeline Renard to avoid a violation of the rule because the determination of the ultimate beneficiaries would still have to wait until Elisabeth's death.[2]

The New York court ruled that the 1899 trust property could be transferred to the testamentary trustee in Rhode Island for administration under the law and subject to the jurisdiction of the courts of this state. This ruling gave rise to the action in our Superior Court and this court because the law of Rhode Island and the law of New York differ. Under Rhode Island law the period of the rule against perpetuities begins to run against a general power of appointment by will only at the time of the exercise, not the creation, of the power. The trial justice below ruled, however, that the New York judgment must be given full recognition under the full-faith-and-credit clause of the United States Constitution, Art. IV, § 1. He concluded that the New York judgment was res judicata as to all claims raised in that case. He ordered Hospital Trust to distribute the trust corpus according to the instructions of the Supreme Court of New York, that is, per stirpes to the decedents of the testator.

On appeal, Romain de Beru, who would have taken 75 percent of the trust corpus under the will, takes the position that the New York court decision is not binding upon him because as a beneficiary under the testamentary trust, he was a necessary party to the New York action, and, therefore, the New York court was in error when it ruled that he was adequately represented by Hospital Trust's participation in that litigation.

█ There can be no serious question that the judgment of the New York Supreme Court in *In re Vanderbilt's Trust,* 31 Misc.2d 1086, 221 N.Y.S. 2d 93 (1961) is entitled to full faith and credit under the

---

**2.** It is interesting to note that after the New York Supreme Court rendered its decision in this matter, in 1966, the New York Legislature by statute changed the law of that state. Now in this situation the New York court would apply the law of Rhode Island in regard to the testator's exercise of power by will.

United States Constitution, Art. IV, § 1. That clause requires that the courts of Rhode Island give the judgment of the New York court the same effect that such a judgment would be given in New York based on that court's jurisdiction over the subject matter and parties bound by that judgment. In reaching that conclusion, the trial justice referred to our cases *Israel v. National Board of YMCA*, 117 R.I. 614, 369 A.2d 646 (1977), and *Bouchard v. Bouchard*, 119 R.I. 656, 382 A.2d 810 (1978). The former case involved a New York trust and funds from a Rhode Island estate, the latter considered the effect Rhode Island courts must give to a decree of a Florida court. In both cases the foreign judgments were given full faith and credit.

The defendant here seeks to collaterally attack the New York judgment on the basis that the New York court did not have personal jurisdiction over him when it heard that matter and, consequently, its judgment cannot be res judicata as to him. He argues that he should have been brought into that action personally, not through the trustee, in order for that judgment to be binding on him.

We are not able to consider that argument because it is raised in this court for the first time. We have carefully examined the records of the Superior Court. At no point was the jurisdiction of the Supreme Court of New York over Romain de Beru challenged. The lack of personal jurisdiction in that court would have been an affirmative defense for Romain in this case, a defense that had either to be asserted in his answer or to be raised by appropriate motion.

▄▄▄ Rule 8(c) of the Superior Court Rules of Civil Procedure requires that a party set forth in a responsive pleading the affirmative defenses he intends to raise. *Tucker v. Mammoth Mart Inc.*, 446 A.2d 760, 762 (R.I.1982). This provision is mandatory, and failure to plead such a defense constitutes a waiver. *Duquette v. Godbout*, 416 A.2d 669, 670 (R.I.1980). There is no requirement that an affirmative defense be specifically labeled as such. It may be pleaded in general terms as long as it gives the opposing party fair notice of the defense asserted. *Tucker*, 446 A.2d at 762.

▄▄▄ Matters not brought to the attention of the trial justice may not be raised for the first time in the Supreme Court on appeal. *Cok v. Cok*, 479 A.2d 1184, 1188 (R.I.1984); *Fiske v. MacGregor, Div. of Brunswick*, 464 A.2d 719, 726 (R.I.1983); *Veach v. Veach*, 463 A.2d 508, 509 (R.I. 1983); *Hawkins v. Smith*, 105 R.I. 669, 678, 254 A.2d 747, 753 (1969). Even constitutional questions will not be considered by the Supreme Court if they have not been properly raised in the trial court in such a manner as to allow the trial justice an opportunity to pass on them. *Greenwood v. Rahill*, 122 R.I. 759, 764, 412 A.2d 228, 230 (1980).

The trial justice made specific reference to this point. He stated in his decision that the New York court had found that the beneficiaries of the testamentary trust were not necessary parties because they were fully represented in that court by Rhode Island Hospital Trust. The trial justice said, "That finding is not challenged here in this proceeding in fact or law." Since our review of the pleadings in this case fails to disclose any reference to a lack of personal jurisdiction either directly or indirectly, we must conclude that it cannot be considered now on appeal.

Although it is not necessary for us to so state, it seems clear that allowing Hospital Trust to represent the interests of all the beneficiaries in the New York case did not result in any prejudice to the defendant. The law of New York was clear at that time regarding the effect of the exercise of this power of appointment by will. The defendant's involvement in that case as a party could not have changed that law.

For these reasons we conclude that the judgment of the New York Supreme Court is res judicata on the issues it decided and it is binding on the parties to this litigation. Therefore, this appeal is denied and dismissed, the judgment of the Superior Court is affirmed, and the papers of the case are remanded to the Superior Court.