Leon **BOGHOSSIAN** et al.

v.

**FERLAND CORPORATION.**

No. 90–339–Appeal.

Supreme Court of Rhode Island.

Dec. 12, 1991.

Mary E. Theall, Timothy A. Williamson, McKinnon & Harwood, Pawtucket, for plaintiffs.

Douglas J. Rose, McGovern & Noel, Ltd., Providence, for defendant.

## OPINION

SHEA, Justice.

This matter comes before the Supreme Court on the plaintiffs' appeal from a judgment dismissing their complaint alleging breach of a construction contract. We reverse.

The defendant, Ferland Corporation, built a house for plaintiffs, Leon and Susan Boghossian, in 1973. In 1981 plaintiffs discovered certain structural defects in the house that they claim were caused by defendant's improper preparation of the land. At this time defendant made certain improvements to both the foundation walls and the cellar walls. These repairs were unsatisfactory to plaintiffs since the land continued to settle. The plaintiffs filed suit in the Fifth Division District Court on October 6, 1986. This suit was dismissed without prejudice, however, because it was determined that the amount in controversy exceeded the jurisdictional limit of the District Court. The plaintiffs refiled their complaint in Superior Court on January 10, 1990.

At trial defendant argued that the statute of limitations embodied in G.L.1956 (1985 Reenactment) § 9–1–29, which bars any action for damages ten years after substantial completion of an improvement to real property, applied to the case. The trial justice accepted this argument and granted defendant's motion to dismiss, reasoning that the cause of action was time barred by § 9–1–29.

■ The sole issue before the court on this appeal is whether the statute of limitations set out in § 9–1–29 or in § 9–1–13 applies to an action for damages for breach of a contract to improve real property. We determine that § 9–1–13 applies in this case and therefore reverse the decision of the trial court.

Section 9–1–29 provides:
"No action (including arbitration proceedings) in tort to recover damages shall be brought against any architect or professional engineer who designed, planned, or supervised to any extent the construction of improvements to real property * * * more than ten (10) years after substantial completion of such an improvement."

This court has declared that in essence this statute protects architects and professional engineers from suits alleging negligence as a result of design or construction of an improvement to real property that have not been brought within ten years of substantial completion of the improvement. *Leeper v. Hillier Group, Architects Planners*, 543 A.2d 258, 259 (R.I.1988). Thus the statute protects improvers of real property from tort liability for work that has been substantially completed for ten years. This tort statute of limitations, however, does not apply to the present case.

Rule 8(c) of the Superior Court Rules of Civil Procedure designates a statute-of-limitations defense as an affirmative defense. Nevertheless, courts permit the statute-of-limitations defense "to be raised by a motion to dismiss under Rule 12(b)(6) in situations in which the defect appears on the face of the complaint." *McDonald v. Rhode Island General Counsel*, 505 A.2d 1176, 1178 (R.I.1986); *see also* 1 Kent, *R.I.Civ.Prac.* § 12.10 at 116 (1969). In reviewing the granting of a Rule 12(b)(6) motion to dismiss, this court views the allegations of the complaint as true and in the light most favorable to the plaintiff. *Avery v. Rhode Island Hospital*, 495 A.2d 254, 257 (R.I.1985).

A careful review of the complaint filed in this action reveals that plaintiffs have alleged a cause of action sounding in contract. For example, count 9 of plaintiffs' complaint states in part that "the Defendant has failed to fulfill its promise much to the detriment of the Plaintiff as the damage has worsened." This count alleges a breach of an implied warranty of reasonable workmanship and habitability. *See Padula v. J.J. Deb–Cin Homes, Inc.*, 111 R.I. 29, 298 A.2d 529 (1973) (establishing an implied warranty of reasonable workmanship and habitability for the sale of a home). Therefore, the complaint alleges a cause of action based on a contract theory, so the tort statute of limitations of § 9–1–29 cannot apply.

General Laws 1956 (1969 Reenactment) § 9–1–13, as amended by P.L.1978, ch. 299, § 2 provides a general statute of limitations for civil actions. The statute provides:

"Limitation of actions generally.—(a) Except as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after." [1]

This court has held that this statute "begins to run when the evidence of injury to property, resulting from the negligent act upon which the action is based, is sufficiently significant to alert the injured party to the possibility of a defect." *Lee v. Morin*, 469 A.2d 358, 360 (R.I.1983).

■ Applying these principles to the case at bar leads to the result that plaintiffs' suit is not time barred. The plaintiffs first became aware of the alleged defective soil preparation in 1981. Thus 1981 is the time that the cause of action began to accrue. Section 9–1–13, which permits a suit to be brought ten years after the cause of action accrues, therefore operates to permit plaintiffs to sue on this breach-of-contract action until 1991. Since plaintiffs filed their complaint in Superior Court on January 10, 1990, they are clearly within the statutory period. As a result, plaintiffs' suit is not precluded by the statute of limitations of § 9–1–13.

Finally, we note that the defendant is not prejudiced by our determination that the plaintiffs' suit is not time barred. The defendant was aware that the plaintiffs' house had structural problems as early as 1981 because the plaintiffs notified the defendant as soon as they discovered the defects. Thus defendant had notice that a suit might occur. Even though we realize that permitting the plaintiffs to sue in 1990 may result in the defendant's being held liable for work that was performed in 1973, we think that it is more important that the plaintiffs have their day in court. The defendant will have ample opportunity at trial to show that its work in 1973 was not defective and, therefore, that it did not breach its contract with the plaintiff.

For all these reasons the plaintiffs' appeal is sustained, the judgment of the trial court is reversed, and the papers of this case are remanded to the Superior Court.

---

**1.** We note that G.L.1956 (1969 Reenactment) § 9–1–13(b), as amended by P.L.1978, ch. 299, § 2 has been declared unconstitutional in *Kennedy v. Cumberland Engineering Co.*, 471 A.2d 195 (R.I.1984). In *Kennedy* we determined that the statute of repose embodied in § 9–1–13(b) prevents claimants from having their day in court in violation of art. I, sec. 5, of the Rhode Island Constitution. Therefore, the statute of repose set out in § 9–1–13(b) does not apply to our analysis in the present case.