Stephen BOWDEN

v.

GOFAX, INC.

No. 00–522–A.

Supreme Court of Rhode Island.

June 18, 2001.

Frederick A. McKenna, Providence, Dana Anthony Parks, Los Angeles, CA.

### O R D E R

The defendant, Gofax, Inc., appeals from an order appointing a receiver to preserve any assets of the corporation after final judgment entered in North Carolina. After a prebriefing conference, this case was assigned to the full Court sitting in conference in accordance with Rule 12A(3)(b) of the Rules of Appellate Procedure. At this time, we proceed to decide this appeal without further briefing or argument.

In early November 1994 the plaintiff, Stephen Bowden, filed an action in the Superior Court of North Carolina seeking unpaid commissions for the sale of fax machines produced by the defendant. Shortly thereafter, on November 28, 1994, the defendant's certificate of incorporation in the State of Rhode Island was revoked. The defendant did not raise the issue of its corporate certificate revocation before the North Carolina Superior Court. On March 8, 1996, the North Carolina Superior Court entered judgment in favor of the plaintiff in the amount of $65,230 plus in-terest from November 14, 1994 to February 28, 1996. The North Carolina court also awarded attorney's fees to the plaintiff. The judgment was affirmed by the North Carolina Court of Appeals on November 10, 1997 and no further appeal was taken by the defendant.

The plaintiff then sought to enforce the North Carolina judgment in Rhode Island Superior Court on November 21, 1997. The defendant filed a motion to dismiss which was denied in an order entered April 2, 1998. The defendant did not raise the issue of its corporate certificate revocation in this motion to dismiss. Subsequently, an execution to enforce the North Carolina judgment was issued, but was returned unsatisfied.

The plaintiff believed that Gofax continued to operate as a business. Consequently, in June 2000, the plaintiff filed a petition for the appointment of a receiver to preserve any assets still held by Gofax. At that point the defendant raised for the first time the issue of its corporate charter revocation. The defendant asserted that pursuant to G.L.1956 § 7–1.1–98, the plaintiff was required to file its enforcement action in Rhode Island within two years after the corporate certificate was revoked. The Superior Court justice found that the defendant had waived this statute of limitations defense by failing to raise it in its answer to the plaintiff's enforcement petition. The hearing judge granted the plaintiff's petition for the appointment of a receiver.

Under Super.R.Civ.P. 8(c), a statute of limitations is listed as an affirmative defense. The failure to plead the affirmative defense of statute of limitations results in its waiver. *LaBounty v. LaBounty*, 497 A.2d 302, 305 (R.I.1985). However, the statute of limitations defense can be raised by a motion to dismiss under Su-

per.R.Civ.P. 12(b)(6) if the defect appears on the face of the complaint. *Boghossian v. Ferland Corp.,* 600 A.2d 288, 290 (R.I. 1991). In *LaBounty,* the statute of limitations defense was not raised until after the close of the plaintiffs' case. 497 A.2d at 305. We stated that to allow the interposition of the statute of limitations defense at such a late stage in the proceedings would render nugatory the policy of protecting the plaintiff from unfair surprise. *See id.*

Gofax similarly did not raise the defense of statute of limitations until late in the proceedings before the Superior Court. Gofax did not raise the defense in its initial motion to dismiss. Gofax raised the statute of limitations defense only after execution of the North Carolina judgment had been issued and a petition for the appointment of a receiver had been filed. We conclude that under these circumstances Gofax waived the affirmative defense of statute of limitations.

Therefore, the defendant's appeal is denied and dismissed. The order appointing the receiver is affirmed and the receiver may proceed to determine whether Gofax continues to operate as a business entity. The papers are remanded to the Superior Court.