David M. SULLIVAN, Tax Administra-
tor for the State of Rhode Island
Division of Taxation

v.

William J. REILLY et al.

No. 2011–171–Appeal.

Supreme Court of Rhode Island.

July 5, 2012.

Lisa Madden O'Neil, Esq., Hope Valley, for Plaintiff.

William J. Delaney, Esq., Charles J. Reilly, Esq., Providence, for Defendants.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice FLAHERTY, for the Court.

The plaintiff is the State of Rhode Island Tax Administrator. He filed this collection action against the defendants, William J. and Marielle Reilly, in pursuit of more than $1 million in assessed, but unpaid, personal income taxes from the late 1990s. In their answer to the plaintiff's complaint, the defendants denied that they owed any personal income taxes for the assessed years. Eventually, the plaintiff filed a motion for summary judgment, which was granted by a justice of the Superior Court. The defendants timely appealed to this Court, arguing that the motion justice erred because (1) the defendants were nonresidents who were not subject to Rhode Island income tax; (2) that the period of limitation for filing a tax collection action had expired; and (3) that the equitable doctrine of laches should bar the tax administrator's suit under the circumstances of this case.

On May 2, 2012, the parties appeared before this Court for oral argument pursuant to an order directing the parties to show cause why the issues raised by defendants' appeal should not be decided summarily without further briefing or argument. After considering the record, the memoranda submitted by the parties, and the arguments advanced by each, we are of the opinion that cause has not been shown and that the appeal should be decided at this time. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

### Facts & Travel

The facts of this case are straightforward and not subject to serious dispute. In August 2008, the tax administrator filed a complaint in the Providence County Superior Court alleging that defendants had failed to pay Rhode Island income taxes for tax years 1994, 1996, 1997, 1998, and 1999.[1] According to the complaint, after the addition of applicable statutory interest and penalties, defendants owed the state the substantial sum of $1,136,846.16. The defendants' answer to the complaint denied that they had any outstanding tax liability and further denied that they had received any notices of deficiency. In his motion for summary judgment and supporting affidavits, the tax administrator maintained that the assessments for 1996 and 1997 were based on tax returns that had been signed and filed by defendants. On the other hand, the assessments for 1994, 1998, and 1999 were based on the tax administrator's estimate of taxable Rhode Island income according to G.L.1956 § 44–30–82(b).[2]

1. Taxes are due for a particular "tax year" by April 15 of the following calendar year. For example, taxes for the 1999 tax year were due on April 15, 2000.

2. Under G.L.1956 § 44–30–82(b):

The documentation submitted along with the tax administrator's affidavit showed that the Division of Taxation had mailed a "10 Day Demand for Taxes Due" for each of the past-due tax assessments by certified mail, return receipt requested, to defendants' Boca Raton, Florida, address on December 19, 2003; a signed receipt for delivery of each was returned to the division. *See generally* § 44–30–81 (describing notice requirements for tax deficiencies). Furthermore, the administrator swore that on January 5, 2004, the division mailed defendants a "Notice of Intention to Levy" by certified mail, return receipt requested, but that notice was returned as "unclaimed." It is undisputed in the record that defendants did not respond to the ten-day-demand notice and that they first contested the tax assessments after the tax administrator filed his complaint to collect the outstanding debt in the Superior Court.

On December 1, 2009, the tax administrator filed a motion for summary judgment. The defendants filed an objection to plaintiff's motion on April 2, 2010, arguing that defendants had relocated to Florida and therefore were "exempt from Rhode Island tax." Additionally, although defendants conceded that "[t]here is no time limitation on the collection of assessed personal income of tax [*sic*] in Rhode Island," they nonetheless maintained that "[i]t is only fair and equitable

that a sunset on collection efforts be imposed * * * particularly when the taxpayers are domiciled in another state and collection efforts but for the instant matter were nonexistent." [3] On April 27, 2010, a hearing was held before a justice of the Superior Court, during which the parties chose to rest on their pleadings. After reviewing the submissions of the parties, the court granted partial summary judgment to plaintiff on the issue of tax liability. On June 16, 2010, after reviewing a supplemental affidavit submitted by plaintiff attesting to the applicable statutory interest and penalties, the court found that the amount owed to plaintiff for past due taxes, including interest and penalties, was $1,287,803.15.[4] A judgment was entered to that effect on June 28, 2010.

## II

### Standard of Review

"This Court reviews *de novo* a trial justice's decision granting summary judgment." *Higgins v. Rhode Island Hospital*, 35 A.3d 919, 922 (R.I.2012) (quoting *Lynch v. Spirit Rent–A–Car, Inc.*, 965 A.2d 417, 424 (R.I.2009)). "Summary judgment is appropriate when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the court determines that there are no issues of material fact in

"If a taxpayer fails to file any required Rhode Island personal income tax return, the tax administrator is authorized to estimate the taxpayer's Rhode Island taxable income and tax thereon from any available information, and notwithstanding the restrictions of § 44–30–81(c) the tax, additions to tax, civil penalties, and interest shall be deemed to be assessed on the date of mailing to the taxpayer of notice of the assessment."

3. Section 44–30–83(e) states that "[n]o period of limitations specified in any other law shall

apply to the assessment or collection of Rhode Island personal income tax."

4. In his affidavit accompanying plaintiff's motion for summary judgment, the tax administrator set forth a table summarizing the taxes owed, interest, and penalties for each year. For the sake of clarity, we have reproduced that chart. *See* Exhibit A. It should be noted, however, that the chart does not reflect the additional interest that accrued between November 16, 2009 and entry of judgment in favor of plaintiff.

dispute, and the moving party is entitled to judgment as a matter of law." *DuBois v. Quilitzsch*, 21 A.3d 375, 379 (R.I.2011) (quoting *Montiero v. Silver Lake I, L.P.*, 813 A.2d 978, 980 (R.I.2003)). The party opposing the motion for summary judgment "has the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Berardis v. Louangxay*, 969 A.2d 1288, 1291 (R.I.2009) (quoting *Benaski v. Weinberg*, 899 A.2d 499, 502 (R.I.2006)).

## III

### Analysis

■ Rhode Island imposes a personal income tax on the Rhode Island income of every individual, estate, and trust for each taxable year. *See* § 44–30–1(a). From the time the tax becomes due and payable, personal income taxes are considered a debt due to the state. *See* G.L.1956 § 44–1–8. If an individual files an income tax return, the tax is assessed when the return is filed. *See* § 44–30–82(a). If a taxpayer does not file an income tax return, the tax administrator is empowered to estimate the taxpayer's taxable income and the tax thereon from any available information. *See* § 44–30–82(b). If a taxpayer disagrees with a tax liability determination by the tax administrator, he is entitled to an administrative hearing to contest the tax or penalty.[5] *See* § 44–1–32. However, as this Court held in *Owner–Operators Inde-*

*pendent Drivers Association of America v. State*, 541 A.2d 69, 72 (R.I.1988):

"The appropriate route for challenging the actions of an administrative authority, in this case that of the tax administrator, is delineated in [G.L.1956] chapter 35 of title 42, the Administrative Procedures Act. * * * A plaintiff is required to commence a proceeding against the tax administrator for tax refunds * * *. The tax administrator is then required to review the complaint and render a decision. This is the sequence of action mandated by statute. Such procedure presumably preserves an efficient and orderly administration of justice in state agencies."

The District Court has "sole jurisdiction to entertain a complaint seeking review of financial decisions of the tax administrator in regard to any tax that he is authorized to assess * * *." *Old Colony Bank v. Clark*, 517 A.2d 249, 251 (R.I.1986) (citing Joseph R. Weisberger, *Rhode Island Appellate Practice* 140 (1985)). However, judicial review of an administrative agency's final decision is available if, and only if, the aggrieved party has exhausted all the administrative remedies available to him within the agency. *See* G.L.1956 § 42–35–15; *Burns v. Sundlun*, 617 A.2d 114, 116 (R.I.1992) ("It is well-settled law in Rhode Island that a plaintiff aggrieved by agency action must first exhaust his or her administrative remedies before bringing a claim before this [C]ourt.").

■ In this case, it is immediately evident that defendants are not entitled to judicial review of the tax administrator's

---

5. According to the statute:

"Any taxpayer aggrieved by the action of the tax administrator in determining the amount of any tax, any surcharge that is required to be remitted to the tax division pursuant to § 39–21.1–14 or penalty for which a hearing is not provided may apply to the tax administrator, in writing, within thirty (30) days after notice of the assessment is mailed to the taxpayer, for a hearing relative to the tax or penalty. The tax administrator shall, as soon as practicable, fix a time and place for the hearing and shall, after the hearing, determine the correct amount of the tax, interest, and penalty." G.L.1956 § 44–1–32.

assessment of taxes for the contested tax years because they failed to exhaust their administrative remedies. We agree with plaintiff that a taxpayer cannot "simply wait to be sued for the income tax to then raise objection to the assessment or payment in [the] collection proceeding."

The issue of notice, although raised in defendants' answer to plaintiff's complaint, does not appear to have been genuinely disputed in the record. No argument was made before the motion justice to refute the supporting documents submitted by the tax administrator concerning the mailing of tax bills and demand notices. Moreover, that argument was not developed in the written arguments submitted to this Court. Under G.L.1956 § 44–7–12(a), the tax administrator is expressly empowered to file an action for the recovery of assessed tax, and we see no error in the motion justice's finding that this was a proper action.

▮▮▮ The defendants' argument that the tax administrator's complaint should be barred by the statute of limitations fails on several fronts. First, alleging that the statute of limitations prohibits a plaintiff's action is an affirmative defense that must be raised in a defendant's answer. *See* Rule 8(c) of the Superior Court Rules of Civil Procedure. If a defendant fails to plead the statute of limitations, then the defense is waived. *See Bowden v. Gofax, Inc.,* 776 A.2d 1066, 1066 (R.I.2001) (mem.) (citing *LaBounty v. LaBounty,* 497 A.2d 302, 305 (R.I.1985)); *see also Rhode Island Hospital Trust National Bank v. de Beru,* 553 A.2d 544, 547 (R.I.1989); *Duquette v. Godbout,* 416 A.2d 669, 670 (R.I.1980). No such defense was raised in the defendants' answer. The same is true of the defendants' equitable argument which, despite being nebulously articulated before the motion justice, sounds in laches. Having failed to properly raise these defenses below, the defendants may not now rely on them for the first time before this Court.[6] Therefore, we hold that the motion justice did not err when he granted summary judgment in favor of the plaintiff. As Benjamin Franklin once opined, "nothing in this world is certain except death and taxes." Unfortunately for the defendants, the latter is undeniably true in this case.

## IV

### Conclusion

The judgment of the Superior Court is affirmed. The papers in this matter are remanded to the Superior Court.

**Exhibit A**

| Tax Due Date | Tax | Interest 1 § 44–30–84(b) | Interest 2 § 44–30–84(a)(1) | Penalty 1 § 44–30–85(a)(1) | Penalty 2 § 44–30–85(a)(1) |
|---|---|---|---|---|---|
| April 15, 1995 | $ 1,046.73 | $ 341.00 | $ 2,939.73 | $ 1,620.00 | $ 1,235.00 |
| April 15, 1997 | $ 11,483.00 | $ 407.44 | $ 20,505.63 | $ 4,145.50 | $ 3,462.09 |
| April 15, 1998 | $393,928.00 | $1,403.00 | $606,736.51 | $ 0.00 | $ 92,573.08 |
| April 15, 1999 | $ 5,776.92 | $ 368.84 | $ 8,244.04 | $ 1,444.25 | $ 1,646.39 |
| April 15, 2000 | $ 28,305.98 | $1,807.24 | $ 36,998.18 | $ 7,076.50 | $ 8,067.03 |
| | $440,540.63 | $4,327.52 | $675,424.09 | $14,286.25 | $106,983.59 |

Total Amount Due: *$1,241,562.08* as of November 16, 2009.

6. The defendants not only waived the statute-of-limitations defense, but appear to have conceded it in their objection to summary judgment in the Superior Court, when they expressly stated that "[t]here is no time limitation on the collection of assessed personal income of tax [*sic*] in Rhode Island." Indeed, the thrust of their argument was that the plaintiff sat on his rights for years, and that "enough is enough on the [p]laintiff's collection front."